UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHELDON P. JOHNSON,

                            Plaintiff,

-against-

CORRECTIONAL OFFICER CLINTON THOMAS; C.O. CESEAR GONZALEZ; SERGEANT T. KNIGHT; C.O. T. MOLLOY; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; LATISHA JOHNSON; ALBERT HELMS; MICHAEL CAPRA; J. MANUEL; KACHAPPILLY; FELIX EZEKWE; FREDERICK PARKER; RAZIA FERDOUS,

                            Defendants.

24-CV-7639 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff, who currently is detained on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights when he was incarcerated at Sing Sing Correctional Facility. By order dated October 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] By Order dated November 25, 2024, the Court ordered, among other things, that the New York State Attorney General provide a service address for former Superintendent Michael Capra. The Attorney General has now done so.

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Michael Capra through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Capra.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Michael Capra; complete the USM-285 form with the addresses for that defendant; and deliver all documents necessary to effect service of the summonses and the complaint on that defendant to the USMS. SO ORDERED.

Dated:   December 27, 2024
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**SERVICE ADDRESS FOR DEFENDANT**

Michael Capra
Department of Corrections and Community Supervision
Office of Counsel
1220 Washington Avenue
Building 4
Albany, NY 12225