UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHELDON P. JOHNSON,

Plaintiff,

- against -

C.O. CLINTON THOMAS et al.,

Defendants.
------------------------------------------------------------x

No. 24-CV-7639 (CS)

**ORDER**

CATHY SEIBEL, United States District Judge:

At the proceeding on July 1, 2026, Plaintiff requested the appointment of counsel. For the following reasons, Plaintiff's application is granted to the extent that the Court will request volunteer counsel.

**LEGAL STANDARD**

The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

On the record at the bench ruling on July 1, Plaintiff requested the appointment of counsel for the remainder of the case. Plaintiff previously filed a Request to Proceed IFP, which the Court granted. (*See* ECF No. 5.) Plaintiff remains incarcerated and I presume that his financial status has not changed. Plaintiff therefore qualifies as indigent.

In his Amended Complaint, Plaintiff asserted claims under 42 U.S.C. § 1983, alleging that: (1) Defendants Thomas, Gonzalez, and Knight conspired to retaliate and did retaliate

against Plaintiff for filing a PREA complaint and grievance against Thomas by planting black pepper in his cell, falsifying a Misbehavior Report ("MBR") stating that he possessed the black pepper, and firing Plaintiff from his position in the mess hall; (2) Defendant Manuel conspired with Knight to retaliate against Plaintiff by refusing to return Plaintiff to his position in the mess hall; (3) Defendant Capra retaliated against Plaintiff for his participation on the Inmate Liaison Committee ("ILC") by denying him entry to ILC meetings and authorizing a strip frisk; (4) Defendants Molloy and Marsico conspired to retaliate against Plaintiff with Capra and did retaliate against Plaintiff on behalf of Capra by conducting the strip frisk; (5) Defendants Helms and Capra were deliberately indifferent to the conditions of confinement in the facility; namely, the lack of safety railings in the showers; (6) Defendants Helms, Jackson, and Larsen were deliberately indifferent to the extreme heat in the medical unit; (7) Defendant Jackson was deliberately indifferent to Plaintiff's medical needs because she failed to provide him with a non-standard mattress as recommended by his surgeon; (8) Defendant Kachappily was deliberately indifferent to Plaintiff's medical needs by ignoring his sick call slips for nine days; (9) Defendants Kachappily, Parker, and Ferdous, all medical providers, were deliberately indifferent to Plaintiff's medical needs by authorizing his discharge from the facility's infirmary; (10) Defendants Soto and Davis were deliberately indifferent to Plaintiff's medical needs by failing to move Plaintiff to the first floor of his housing block as required by his flat pass; and (11) Defendant Larsen retaliated against Plaintiff for filing a grievance against him by filing a false MBR against Plaintiff.[1]

---

[1] Plaintiff asserted additional claims against Defendants Reyes, Ezekwe, and Jackson, but he voluntarily dismissed those claims in his opposition to Defendants' motion to dismiss.

After Defendants' motion to dismiss, the following claims survive: First Amendment retaliation and conspiracy against Defendants Thomas, Gonzalez, and Knight; First Amendment retaliation against Defendant Capra for excluding him from the ILC meetings and authorizing the strip frisk; First Amendment retaliation against Defendant Larsen; deliberate indifference to the extreme heat in the facility's medical unit against Defendants Jackson, Helms, and Larsen; and deliberate indifference to Plaintiff's medical needs against Defendant Kachappily for ignoring his sick call slips. Given the seriousness of the allegations, and the fact that these claims survived Defendants' motion to dismiss, I find that Plaintiff's claims are of sufficient substance to warrant granting Plaintiff's application. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff is presently incarcerated and has been unable to retain counsel. Certain claims may depend on the testimony of an expert witness, and Plaintiff will be able to retain an expert witness more easily with the assistance of counsel. Additionally, discovery is likely to be voluminous in this case. I find that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted to the extent that the Court will request volunteer counsel for the remainder of the proceedings, although if no such attorney steps forward, a volunteer for discovery only would be welcome. Should *pro bono* counsel appear for the limited purpose of discovery, they will not be obligated for any aspect of Plaintiff's representation beyond that purpose, and their representation will end upon completion of discovery and the filing of a Notice of Completion. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent

Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: July 7, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.